IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WALTER ANTIONE KIMBLE, III,                                           PLAINTIFF
ADC #601717

v.                             4:14CV00193-JLH-JJV

CHERYL EEOFF, Jail Administrator,
Conway County Detention Center; *et al.*,                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Walter Kimble, an inmate confined at the Northeast Arkansas Community Correction Center, filed this *pro se* action, alleging excessive force while incarcerated at the Conway County Detention Center (Jail). Plaintiff submitted an Amended Complaint in accordance with the Court's May 5, 2014, Order (Doc. No. 4). Having reviewed the Amended Complaint, the Court finds Defendants Cheryl Eeoff and Mike Smith should be dismissed for failure to state a claim upon which relief may be granted.

**I.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780

F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.    FACTS AND ANALYSIS

In his Amended Complaint, Plaintiff alleges that after Defendant Emmerson tazed and pepper-sprayed him, Defendant Eeoff asked him what happened and told him they would review the video tape to determine if he could be transferred out of the isolation area. (Doc. No. 5 at 4.) He also claims Defendant Smith talked to him in a rude manner, called him a name, and threatened to file additional charges against him. (*Id.*) Plaintiff claims he was later transferred to prevent him from filing a complaint on Defendant Emerson. (*Id.*)

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

First, the Court finds that Defendant Eeoff should be dismissed, because Plaintiff does not allege she denied him care or treatment following the alleged excessive force by Emmerson, or committed any unconstitutional act. In addition, Plaintiff's allegations against Defendant Smith – that he was rude, called him a name, and threatened him – do not support a constitutional claim for relief. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)). Finally, Plaintiff does not allege any actual injury to a legal claim to support a claim of denial of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

### III.  CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants Cheryl Eeoff and Mike Smith be DISMISSED from this action, for Plaintiff's failure to state a claim upon which relief may be granted.

DATED this 19th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE